IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARQUES HUBBARD,

Plaintiff,

v.

C.O. POST,

Defendant.

OPINION and ORDER

24-cv-921-jdp

---

Plaintiff Marques Hubbard, proceeding without counsel, alleges that, when he was incarcerated at Stanley Correctional Institution, correctional officer Reid Post consciously disregarded a risk of harm by calling Hubbard a snitch in front of other inmates. Defendant Post moves for summary judgment on the ground that Hubbard did not exhaust his administrative remedies against him. Dkt. 19. I conclude that the inmate complaints filed by Hubbard were not sufficient to provide notice of his claims against Post, so I will grant Post's motion for summary judgment and dismiss the case.

## ANALYSIS

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282,

284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025.

The purpose of the exhaustion requirement is to give prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). To exhaust administrative remedies in Wisconsin, inmates ordinarily must follow the Inmate Complaint Review System as set forth in Wisconsin Administrative Code Chapter DOC 310.

This case arose from an October 15, 2024, altercation between Hubbard and another inmate, which plaintiff says led to the inmate convincing a correctional officer to file a false conduct report against Hubbard about drug solicitation. Hubbard was placed in segregation and he disclosed a sexual relationship between the inmate and the correctional officer in an attempt to get out of segregation. As a result, some inmates began calling him a snitch. Later, Hubbard alleges that defendant Post called him a snitch in front of other inmates.

In this case, Hubbard initially brought a claim only against the officer who wrote the conduct report, which I dismissed at screening for failure to state a claim. Hubbard's amended complaint includes the allegations about Post. Hubbard alleges that Post called him a snitch in early October 2025, which was nearly a year after the allegedly false conduct report.

Hubbard filed two grievances about this chain of events, which appear to have been combined for resolution, as they are both included in the report prepared by the defendant. Neither grievance addresses Hubbard's current claim. The first grievance, filed on October 21, 2024, primarily discusses the false conduct report and says nothing about anyone calling Hubbard a snitch. Hubbard's second grievance, filed on October 28, also focuses on the false

conduct report but includes an allegation that the "staff makes solicitation 'jokes' and inmates have labeled me as a snitch." Dkt. 21-2 at 12. Hubbard says nothing about any staff calling him a snitch in front of other inmates. Hubbard appealed and added that "the way that administration chose to investigate . . . placed me in the light as being a 'snitch' in the institution." Dkt. 21-2 at 17. Hubbard again makes no reference to officers calling him a snitch.

Post contends that Hubbard's inmate grievances were insufficient to exhaust his claims because Hubbard failed to include any allegations that staff called him a snitch, and because the incident in which Hubbard says that Post called him a snitch occurred long after both grievances were filed. Hubbard contends that he did not need to file another grievance because prisoners are not required to file multiple grievances on the same issue. Hubbard is correct that prisoners do not need to file "multiple, successive grievances raising the same issue." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). But prisoners do need to file additional grievances when the "underlying facts or the complaints are different." *Id.* The allegations about Post involve a new claim, new facts, a new subject, and new events taking place nearly a year after the initial subject of the grievances. Hubbard's grievances make no reference to staff members calling him a snitch.

Hubbard makes two additional arguments opposing summary judgment. Neither argument holds water. First, Hubbard notes that "[t]he issue of specifics about who made what comments was not addressed until Hubbard was told by the court to amend his complaints." Dkt. 22 at 2. I take Hubbard to mean that he did not know that the claim against Post was a viable claim until I told him it could be. But that is immaterial. The PLRA still requires inmates to exhaust their administrative remedies, and there is no evidence that Hubbard attempted to file a new grievance after his first complaint was dismissed. Second, Hubbard asks if his

amended complaint in this court would qualify as exhaustion. It does not. Amending a complaint in this court does not qualify as notice to prison staff under the PLRA. *Pozo*, 286 F.3d at 1025. After all, raising a new, non-grieved claim does not follow the proper rules governing grievances, nor does it give the prison staff a chance to remedy the problem without litigation,

Hubbard has failed to exhaust his administrative remedies. I will grant Post's motion for summary judgment and dismiss the case. Dismissals for failure to exhaust are always without prejudice, *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), although it is almost certainly too late for Hubbard to properly exhaust his claim.

ORDER

IT IS ORDERED that:

1. Defendant's motion for summary judgment on exhaustion grounds, Dkt. 19, is GRANTED.
2. The case is DISMISSED without prejudice.
3. The clerk of court is directed to enter judgment accordingly and close the case.

Entered November 16, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge